IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM DALE CARTER,<br>Inmate #K-97856,<br><br>Petitioner,<br><br>v.<br><br>SHAWNEE PRISON, WARDEN<br>MARTIN, and ILLINOIS<br>DEPARTMENT OF CORRECTIONS,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 11-cv-335-DRH |

## ORDER

**HERNDON, Chief Judge:**

Petitioner William Dale Carter, currently incarcerated in the Shawnee Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the length of his incarceration. He claims that his good conduct credits were improperly revoked, thus wrongfully extending his sentence. Petitioner is serving a 20-year sentence for home invasion. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition and

exhibits in the present case, the Court concludes that because petitioner has not exhausted his state court remedies, he is not entitled to relief at this time, and the petition must be dismissed.

In addition, petitioner filed a "Petition for Mandatory Injunction" (Doc. 8) on April 29, 2011. In it, he complains that the prison law librarian refuses to allow petitioner and other inmates to make copies of their legal documents, grievances, or legal research; refuses to allow them to Shepardize their legal research; and intrusively questions them about the purpose of the legal documents they are preparing. In addition, petitioner claims that prison staff has lost or intentionally destroyed grievance documents. Petitioner claims he has a pending lawsuit over an alleged conspiracy by state employees to cover up fraud and theft of over $50,000, and that the law librarian's refusal to allow him to copy documents or conduct research has hindered his attempts to pursue this legal action. For the reasons stated below, petitioner's request for an injunction to stop the interference with his access to the courts cannot be granted in this proceeding and must be denied.

## The Habeas Petition

Petitioner seeks to challenge the revocation of his good conduct credit (GCC), which resulted from two disciplinary proceedings in which petitioner contends his due process rights were violated. He also claims that the disciplinary charges were brought as a result of a conspiracy to retaliate against him for grievances he filed. On November 19, 2006, while in Taylorville

Correctional Center, 30 days GCC were revoked for insolence and disobeying a direct order. On December 11, 2009, 30 additional GCC days were revoked in Robinson Correctional Center on a possession of contraband charge. Petitioner states that because of these disciplinary actions, he has also lost eligibility for the usual 6 months of good time that may be awarded near the end of an inmate's sentence. As a result, he will spend 8 months longer in prison than he would have had to serve had he not lost the 60 days of GCC. If his GCC were restored and he were allowed the additional 6 months good time, he would be eligible for release in June 2011.

Petitioner asks this Court to excuse him from the requirement to exhaust his remedies in state court, and grant review of his habeas petition (Doc. 1-2, p. 1). He claims that in March 2011, he twice attempted to file a petition for review of this matter in Johnson County Circuit Court. However, that court rejected his petition because he was unable to provide sufficient copies to serve all defendants (Doc. 1-3, pp. 2-5).

As we noted when petitioner sought review of the November 2006 GCC revocation in *Carter v. Walker*, 08-cv-575-MJR (filed Aug. 11, 2008), the law requires him to exhaust state-court remedies before his claim may be addressed in federal court, or else show cause and prejudice for his failure to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). Section 2254 provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>> (B)(i) there is an absence of available State corrective process; or
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Petitioner has the right to present the instant claim in state court, as contemplated in § 2254(c). The procedure to file in circuit court (or in a higher state court) is available to him, and the requirement that he adhere to court filing rules, such as the provision of sufficient copies, cannot be said to make a procedure unavailable. *See Turner-El v. West,* 811 N.E.2d 728, 734-35 (Ill. App. Ct. 2004) (finding copies provided to court could be either photocopies or "conformed copies" – typed or hand-written word-for-word from the original).

To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) ("Exhaustion is accomplished when claims have been presented to the highest state court for a

ruling on the merits, or, when the claims could not be brought in state court because no remedies remain available at the time the federal petition is filed." (internal citations omitted)). A prisoner need not pursue all separate state remedies that are available to him but must give the state courts "one fair opportunity to pass upon and correct the alleged violations." *McAtee v. Cowan*, 250 F.3d at 509.

The Illinois courts have recognized a complaint for mandamus relief as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d at 733 (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. Ct. 1981)); *McAtee*, 250 F.3d at 508. Before petitioner's GCC claim can be reviewed by this Court, the State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILL. COMP. STAT. 5/14-101 *et seq.* to consider the merits of Plaintiff's claim. *See Taylor*, 417 N.E.2d at 247.

### The Petition for Injunction

The problems complained of in petitioner's motion for injunction (Doc. 8) are not the proper subject of a habeas action, because they involve the conditions of petitioner's confinement, not the fact or duration of his incarceration. *See DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000) (finding conditions of confinement must be challenged in a § 1983 action and the duration of confinement may only be challenged in a habeas proceeding); *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (recognizing habeas is a means of

challenging only the fact or duration of custody). Thus, if petitioner wishes to seek any remedy for the alleged interference by the prison law librarian or other staff with his right of access to the courts, he must bring a separate action under 42 U.S.C. § 1983. This directive should not be construed as an opinion on the merits of petitioner's potential § 1983 claim.

Petitioner's request for injunctive relief in Doc. 8 is **DENIED.**

Petitioner has not yet presented his Good Conduct Credit claims to the circuit court, let alone the Illinois Appellate Court or Illinois Supreme Court. Accordingly, his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**, without prejudice to petitioner re-filing his habeas petition in federal court, after first exhausting his remedies in the Illinois state courts. All pending motions (Doc. 3, Motion to Consolidate, and Doc. 4, Motion to Alternatively Construe the Habeas Petition as a Relief from Judgment Motion) are **DENIED** as **MOOT**.

The Clerk is **DIRECTED** to send the petitioner a blank form for a § 1983 civil rights complaint.

The Clerk shall **CLOSE THIS CASE**.

    **IT IS SO ORDERED.**

Signed this 24th day of May, 2011.

Digitally signed by David R. Herndon
Date: 2011.05.24 15:38:31 -05'00'

**Chief Judge**
**United States District Court**